UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re:*<br><br>SUBPOENA ON SORRENTO THERAPEUTICS, INC. AND QIANGZHONG MA<br><br>_____<br><br>IMMUNOMEDICS, INC.,<br><br>                  Plaintiff,<br><br>v.<br><br>ROGER WILLIAMS MEDICAL CENTER, et al.,<br>     Defendants. | Case No.:  3:17-cv-2442-WQH-NLS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE SUBPOENAS**<br><br>**[ECF No. 1]**<br><br><br>*Underlying action pending in the District Court of New Jersey*:<br>Case No. 2:15-cv-04526-JLL-SCM |

Before the Court is plaintiff, Immunomedics, Inc.'s ("Plaintiff"), Motion to Enforce Subpoenas Served on Third Parties Sorrento Therapeutics, Inc. ("Sorrento") and Dr. Qiangzhong Ma ("Dr. Ma"). ECF No. 1. Plaintiff asks the Court to transfer this motion to the District Court of New Jersey, where the underlying action is pending, pursuant to Rule 45(f). In the alternative, Plaintiff seeks to compel third parties Sorrento and Dr. Ma to comply with the document and deposition subpoenas previously served by Plaintiff. ECF No. 1-2. This Court set a briefing schedule. ECF No. 2. Both third

parties, Sorrento and Dr. Ma, filed oppositions.  ECF Nos. 4, 5.  Plaintiff filed a reply.  ECF No. 8.

After consideration of the papers and arguments submitted by the parties, this Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to enforce subpoenas.

## I.    BACKGROUND

This case arises from the alleged misappropriation of property via a series of transactions, including Material Transfer Agreements and the creation of various shell corporations, being litigated in the District of New Jersey.  ECF No. 1-2 at 4-5.  Relevant to the instant motion are the following facts as set forth by the parties.

Plaintiff is a biopharmaceutical company with interests in certain "Research Materials."[1]  *Id.* at 4.  Plaintiff entered into a series of agreements with the Defendants[2] in the underlying action permitting experimentation with the Research Materials, but restricting the use of "Research Products."  *Id.*  Plaintiff alleges that in order to convert and/or misappropriate Plaintiff's property, Defendants in the underlying action created two shell corporations, "CARgenix" and "BDL Products, Inc.," to "serve as repositories for the Research Materials and/or Research Products."  *Id.* at 7-8.  The Research Materials/Products were then "contributed" to CARgenix and BDL Products, Inc.  ECF No. 4 at 4.

Following the contribution of the Research Products, in August 2015, the stock of BDL Products, Inc. was sold to TNK, a subsidiary of Sorrento.  ECF No. 1-2 at 5, ECF No. 4 at 4.  In addition, TNK agreed to indemnify Dr. Ma against claims arising from these transactions.[3]  ECF No. 1-2 at 5.  The targets of the third party subpoenas at issue here have significant ties to the alleged shell corporations:  Sorrento shares a manager

---

[1] Specifically, "anti-CEA, MN-14."  ECF No. 1-2 at 7.
[2] The Defendants in the underlying action are Roger Williams Medical Center ("RWMC"), Dr. Junghans, and Dr. Katz.
[3] The Court notes the initial complaint was filed in June 2015.  *See* DNJ Docket, ECF No. 1.

and principal place of business with CARgenix, and Dr. Ma is one of the two owners of BDL Products, Inc.  ECF No. 1-2 at 8.

TNK and Sorrento were, at one time, named as parties to the underlying action but were dismissed for lack of personal jurisdiction.  ECF No. 1-2 at 6; ECF No. 4 at 4.  Accordingly, Plaintiff pursued information from TNK, Sorrento, and now Dr. Ma, as non-parties pursuant to Rule 45.  ECF No. 4 at 5-6; *see also,* 3:16-cv-1527-BAS-KSC (Motion to Enforce Subpoena issued to TNK Therapeutics, Inc., filed June 17, 2016); 3:16-cv-1531-BAS-KSC (Motion to Enforce Subpoena issued to Sorrento Therapeutics, Inc., filed June 17, 2016);  3:17-cv-1039-AJB-BLM (Motion to Enforce Subpoena issued to Sorrento Therapeutics, Inc. and TNK Therapeutics, Inc. filed May 19, 2017).  TNK and Sorrento have produced some documents in response to the prior subpoenas, but the parties reached agreement regarding the prior motions to compel in light of a then-upcoming settlement conference and mediation.  ECF No. 1-2 at 8.  The settlement conference and mediation were both unsuccessful.  *Id.*

Towards the end of discovery in the underlying action, Plaintiff served additional subpoenas on Sorrento and Dr. Ma.  ECF No. 4 at 7.  Sorrento and Dr. Ma served written objections and the parties began a meet and confer process, but were unable to reach agreement.  *Id.*

Plaintiff filed the instant a motion to compel enforcement of various subpoenas issued to Sorrento and Dr. Ma.  At issue in this motion are the following subpoenas:[4]

(1) March 6, 2017 Subpoena for Documents to Sorrento; (ECF No. 1-11)

(2) October 20, 2017 Subpoena to Testify to Sorrento; (ECF No. 2-1, Exhibit 2)

(3) October 30, 2017 Subpoena to Testify at Deposition to Dr. Ma; (ECF No. 1-17)

(4) October 30, 2017 Subpoena for Documents to Dr. Ma; (ECF No. 1-18)

---

[4] The other subpoenas against Sorrento and other discovery that may be outstanding against other third-parties or the underlying Defendants are not at issue before this Court.

## II.  MOTION TO TRANSFER ENFORCEMENT TO DISTRICT COURT OF NEW JERSEY

As a threshold issue, the parties dispute whether this Court should rule on this motion or whether the motion should be transferred to the district where the underlying litigation takes place, the District of New Jersey.

### A. Legal Standard

Subpoenas are governed by Federal Rule of Civil Rule of Procedure 45.  Under this Rule, if compliance with the subpoena is required outside the district from where the subpoena issued and the underlying action takes place, then the compliance court may "transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).  Here, the parties subject to the subpoena, Sorrento and Dr. Ma, have not consented to transfer, so transfer may be granted only the court finds "exceptional circumstances."

The advisory notes to Rule 45 provide some guidance as to when exceptional circumstances may exist:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.  In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.  Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45 Advisory Committee's Notes (2013).  The proponent of the transfer bears the burden to show that exceptional circumstances exist.  *Id.*  Ultimately, whether to transfer the motion is at the discretion of the court where compliance is required. *Youtoo Techs., LLC v. Twitter, Inc.*, No. 17-MC-80006-JSC, 2017 WL 431751, at *1 (N.D. Cal. Feb. 1, 2017).

///

**B. Discussion**

First, Plaintiff argues that exceptional circumstances exist here because Judge Mannion in the District of New Jersey has familiarity with the claims at issue and the factual history of the case. ECF No. 1-2 at 11. However, this is a concern that exists in almost every such motion and cannot alone be sufficient to constitute an "extraordinary circumstance." *Personalized Media Commc'ns, LLC v. Top Victory Elecs. (Taiwan) Co.*, No. 16-MC-80122-SK, 2016 WL 8542561, at *2 (N.D. Cal. Aug. 3, 2016) ("As to the issue of judicial economy, such a risk would be inherent in any motion to compel determined by an issuing court."); *Isola USA Corp. v. Taiwan Union Tech. Corp.*, No. 12-CV-01361-SLG, 2015 WL 5934760, at *3 (D. Mass. June 18, 2015) ("[T]here is no question that the [issuing court] is more familiar with the procedural and substantive aspects of the underlying patent litigation. However, that cannot be what Congress meant when it required a finding of exceptional circumstances, otherwise the exception would swallow the rule. As a general matter, a Rule 45 subpoena-related motion will always be resolved by a court less familiar with the underlying litigation.").

Second, Plaintiff argues that this motion should be transferred in light of the similar motion to compel that had been filed against Paul Hastings in the Northern District of California, which has been transferred to the District of New Jersey. ECF No. 8 at 3-4. Specifically, Plaintiff argues that transfer would avoid the risk of inconsistent rulings between this motion and the other pending motions in New Jersey related to Paul Hastings and Dr. Junghans, because all these motions implicate whether a common interest privilege exists between these parties and third-parties. *Id.* The common interest privilege issue seems to implicate at least Request No. 1 from Plaintiff's document requests to Sorrento. *See* ECF No. 4 at 11. Beyond this one potential point of overlap, however, Plaintiff does not take the position that the specific requests for documents or topics here are identical or substantially similar to the requests pending in front of the New Jersey court. Rather than finding an extraordinary circumstance here requiring transfer, the Court notes that it can resolve any potential for inconsistency by leaving the

issue of the appropriateness of the common interest privilege to Judge Mannion to decide and ordering the parties to adhere to Judge Mannion's ruling, whatever it may be, as they engage in the further discovery as outlined in the rest of this order.[5]

Plaintiff also argues that the resolution of this motion will impact the discovery schedule in the underlying action. ECF No. 1 at 11. This argument is moot in light of Judge Mannion's ruling on January 22, 2018 that "the remaining limited third-party discovery shall be completed concurrently with expert discovery to the fullest extent practical." DNJ case, ECF. No. 182. Judge Mannion was made previously aware of the instant motion in this Court (*see* DNJ case, ECF No. 174) and thus, he has already ruled on the length of extension of third-party discovery with knowledge of this motion.

Finally, Plaintiff argues that Sorrento and Dr. Ma have not demonstrated any burden they would suffer if this motion were transferred to the issuing court. ECF No. 8 at 6. "The lack of a burden imposed on the nonparty by transfer is not in itself an exceptional circumstance and is insufficient to warrant transfer." *Woods v. Southern Care, Inc.*, 303 F.R.D. 405, 407 (N.D. Ala. 2014). Plaintiff suggests that the "primary factor" to consider is the burden imposed on the local parties and that lack of burden would weigh heavily in favor of transfer. However, the Advisory Notes to Rule 45 clarify that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas." Thus, while burden would weigh heavily *against* transfer, lack of it does not weigh equally as heavily *for* transfer. *See Woods*, 303 F.R.D. at 407-08 ("[L]ocal nonparties should be burdened as little as practicable by litigation in which they are not involved, and local resolution of the motion will typically impose a lighter burden.").

In light of the consideration of the various factors above, the Court **DENIES** Plaintiff's request to transfer this motion to the District of New Jersey.

---

[5] On January 22, 2018, Judge Mannion held a telephonic conference on various discovery issues in the New Jersey case and ordered the Defendants in the underlying case to "provide affidavits or declarations in support of their assertion of the common interest privilege." DNJ ECF No. 182. On February 1, 2018, the Defendants filed their declarations. DNJ ECF Nos. 186-188.

### III. MOTION TO COMPEL[6]

Plaintiff moves the Court to compel Sorrento to produce documents responsive to its Second Subpoena for documents and to compel Sorrento to produce a witness or witnesses for a 30(b)(6) deposition. ECF No. 1-2 at 13-14. Plaintiff also requests that the Court compel Dr. Ma to produce documents responsive to his subpoena and testify at deposition. *Id.* at 14.

#### A. Legal Standard

Federal Rule of Civil Procedure 45 governs discovery of third-parties by subpoena. Under this Rule, a third-party is subject to the same scope of discovery as a party, as defined under Rule 26(b). A party may seek discovery on:

> "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1). Courts may limit the scope of subpoena if it imposes undue burden on the person or entity subject to the subpoena. Fed. R. Civ. P. 45(d)(1). "Courts have broad discretion to determine whether a subpoena is unduly burdensome." *Brown v. Deputy No. 1*, No. 12-CV-1938-GPC BGS, 2014 WL 842946, at *3 (S.D. Cal. Mar. 4, 2014).

#### B. Discussion

##### i. Sorrento's Second Document Subpoena

Plaintiff's second document subpoena to Sorrento at issue in this motion consists of four requests.

///

---

[6] The Court finds that Defendants' argument that the Plaintiff was required to re-file its motion to compel in order to comply with the Chambers Rules after the case was assigned lacks merit. However, to the extent any future disputes are filed in this matter, they will be subject to the Chambers Rules.

Requests Nos. 2-4 are similar, with Request No. 2 stating:

2. Documents and communications related to pecuniary and non-pecuniary benefits provided by Sorrento to RWMC.

ECF No. 1-11 at 8. Request Nos. 3 and 4 ask for the same information as to benefits to Dr. Junghans and Dr. Katz. *Id.* Sorrento objects to these requests as overboard in its use of the term "related to" pecuniary and non-pecuniary benefits, but submits that it would be willing to produce documents that evidence the benefits received by these parties or documents sufficient to show the benefits. ECF No. 4 at 11. The Court agrees that this is an appropriate narrowing of these requests. Accordingly, the Court **GRANTS IN PART** the motion to compel as to these requests and Sorrento is ordered to produce documents and communications that either evidence or are sufficient to show the pecuniary and non-pecuniary benefits provided by Sorrento to each of RWMC, Dr. Junghans, and Dr. Katz in response to Requests Nos. 2-4.

Request No. 1 asks for:

1. Documents and communications related to the valuation of $6,000,000 as the "Base Price" consideration in the Stock Purchase Agreement and in the Membership Interest Purchase Agreement, including, but not limited to:

    a. Internal Sorrento communications;

    b. Communications between and among Sorrento on the one hand, and non-parties to the Stock Purchase Agreement and Membership Interest Purchase Agreement on the other hand.

ECF No. 1-11 at 8. Sorrento objects that this request includes attorney-client privileged materials and states that it will only agree to produce non-privileged documents discussing the $6 million base price. ECF No. 4 at 11. Sorrento additionally argues that it should only be ordered to submit a categorical log of privileged documents involving its alleged common interest privilege with BDL and CARGenix. *Id.*

As for this request, the Court finds that it is appropriate to **GRANT IN PART** Plaintiff's motion to compel, and limit production at this time to non-privileged

documents discussing the $6 million dollar valuation, as long as any privileged documents are appropriately logged. As to the issue of the categorical privilege log in lieu of a document by document log, Sorrento has provided no reason as to why it is required here. *See Narayan v. EGL, Inc.*, No. C05-04181 RMW HRL, 2006 WL 3050851, at *2 (N.D. Cal. Oct. 24, 2006) ("Although categorical descriptions of privileged documents may be appropriate in situations where the volume of privileged documents is demonstrably large, here [the party] has made no effort to describe the volume of documents . . . nor has it given the court a picture of the categorical scheme that might be employed."). Thus, request for a categorical log is **DENIED**. Documents withheld on the ground of privilege must, individually, "describe the nature of the documents … and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5).

As to documents that are otherwise responsive that Sorrento withholds on the claim of common interest privilege, this Court **ORDERS** the parties to apply Judge Mannion's decision, when it issues, to evaluate whether the claim of common interest privilege is appropriate for these documents. If the parties are unable to reach agreement regarding the application of Judge Mannion's order to the remaining documents, the parties are then ordered to comply with this Court's Chambers Rules for a discovery dispute, including a meaningful meet and confer and, if unable to resolve the dispute, submission of a Joint Motion regarding the remaining disputed documents and/or requests.

### ii.     Sorrento's 30(b)(6) Deposition Subpoena

Plaintiff also issued a deposition subpoena pursuant to Rule 30(b)(6) identifying 19 topics for questioning. Sorrento submits that it "has never taken the position that it would not provide a witness or witnesses for testimony." ECF No. 4 at 12. Indeed, Sorrento's written responses and objections include a statement of willingness to meet and confer. *See* ECF No. 5-1, Ex. 2. However, Sorrento objects to the topics as overbroad, irrelevant, and disproportionate to the needs of the case. *Id*. Plaintiff moves

to compel designation and deposition on the topics and argues that Sorrento's objections are improper, but does not meaningfully address the 30(b)(6) topics or objections in its moving papers, or respond to Sorrento's arguments in its reply brief. *See* ECF No. 8. Plaintiff also states it is "willing to discuss further the scope of the Deposition Subpoena topics…." *Id.* at 10.

The Court agrees with both parties: Some of the topics are overbroad, and the objections are equally problematic.[7] Though phrased broadly, the topics appear to seek information relevant to the underlying case regarding the formation, valuation, and sale of Research Products and corporations/shells at the heart of the underlying litigation. What is clear to the Court is that both parties agreed to further meet and confer.

Under the circumstances, the Plaintiff's motion to compel designation and deposition is **GRANTED IN PART**. The Court hereby **ORDERS** the parties to meaningfully meet and confer to narrow and tailor the topics to target information reasonably necessary to address specific issues in the underlying case. *See Rankine v. Roller Bearing Co. of Am., Inc.*, 12CV2065-IEG BLM, 2013 WL 3992963, at *3 (S.D. Cal. Aug. 5, 2013) (holding non-party discovery "should be tailored to request only information reasonably necessary to address specific issues in the case"). Following the meet and confer session, Sorrento must designate deponents on the narrowed and tailored topics. The parties must then meet and confer to find a mutually convenient date for the deposition(s) of the designated individual(s) to proceed and be complete prior to the third party discovery cut-off date set by Judge Mannion. To the extent Sorrento asserts any topics are governed or implicated by the common interest privilege, the parties must apply Judge Mannion's ruling.

*///*

---

[7] For instance, Sorrento argues that topic 1, "the formation of TNK" is overbroad and should instead be limited to "when, how, and why [Sorrento] formed TNK." ECF No. 4 at 12. These proposed "limits" present a distinction without a difference.

### iii. Dr. Ma's Subpoenas

Plaintiff also issued both a document subpoena and a deposition subpoena to Dr. Ma. ECF Nos. 1-17, 1-18. The document subpoena includes 10 broad document requests, to which Dr. Ma objected. ECF No. 1-19. In his opposition, Dr. Ma "realizes he is a potential fact witness and is willing to produce documents in response to *reasonable requests* and to sit for deposition afterward." ECF No. 5 at 1:4-6 (emphasis in original).

In light of Dr. Ma correctly acknowledging that he will have to sit for deposition, there is no dispute before the Court that Dr. Ma's deposition will proceed. Thus, the Court **DENIES AS MOOT** Plaintiff's motion to compel Dr. Ma's deposition, but **ORDERS** the parties to meet and confer to find a mutually convenient date for the deposition to proceed such that it can be completed prior to the third party discovery cut-off date set by Judge Mannion.

The dispute remaining before this Court is limited to the reasonableness and scope of the document requests. Dr. Ma argues that the requests are "wildly overbroad," because as an "employee of Sorrento/TNK" whose work is to develop "CAR biotechnology" the scope of the document requests as drafted include every work email of Dr. Ma's for the last three years. ECF No. 5 at 1-2. Dr. Ma argues these requests are overbroad, disproportionate, and will include voluminous irrelevant material. *Id.* at 5. Plaintiff argues that it requested Dr. Ma "substantiate the purported burden" in producing documents by providing a document hit report or to propose search terms, but that Dr. Ma has refused. ECF No 1-2 at 9.

The Court agrees with Dr. Ma that this case is in the late stages of discovery and that the document requests are overbroad and likely to capture matter (such as scientific research) wholly irrelevant to the contract and misappropriation issues at the heart of the underlying case. The requests, as currently phrased to include "all documents and communications" related to broad categories such as "TNK," Dr. Ma's employer, or "CAR-T constructs," the subject of Dr. Ma's research, are likely to produce a

burdensome and disproportionate volume of documents.  The Court finds that documents in Dr. Ma's possession and within the scope of the document requests are relevant to the underlying litigation, but the requests are overbroad and disproportionate to the needs of the case as phrased.  However, the Court also finds that the parties are in the best position to narrow and tailor search terms and appropriate connectors to gather targeted documents relevant to the underlying case.

The Plaintiff's motion to compel is **GRANTED IN PART**.  The parties are **ORDERED** to meet and confer to develop a total of **<u>20 search terms with appropriate connectors</u>**, consistent with the document request subjects, to yield limited, relevant documents for production in response to the document subpoena.  The Court finds the time period of January 1, 2014 to the present reasonable and imposes that time limitation on all requests.  The parties are also **ORDERED** to agree on a timeline for production that complies with the timeline for remaining third-party discovery as set by Judge Mannion.  To the extent Dr. Ma intends to assert privilege over any documents, they must be individually identified in a privilege log consistent with the requirements of Rule 26(b)(5) and will be subject to any ruling on common interest privilege issued by Judge Mannion.

### C. Request for Attorneys' Fees

Plaintiff briefly requests "reasonable costs, including attorneys' fees," at the close of its motion.  ECF No. 1-2 at 15. This Court does not find the imposition of fees of sanctions appropriate in the instant matter.  Each parties' position was substantially justified.  *See* Fed. R. Civ. P. 37 (a)(5).

### IV.     CONCLUSION

Consistent with the terms and direction as set forth above,

(1) The Plaintiff's motion to transfer the motion to the District of New Jersey is **DENIED**;

(2) The Plaintiff's motion to compel production of documents from Sorrento is **GRANTED IN PART**;

(3) The Plaintiff's motion to compel designation and deposition of the 30(b)(6) witness is **GRANTED IN PART**;

(4) The Plaintiff's motion to compel the deposition of Dr. Ma is **DENIED AS MOOT**; and

(5) The Plaintiff's motion to compel the production of documents from Dr. Ma is **GRANTED IN PART**.

**IT IS SO ORDERED.**

Dated: February 8, 2018

Hon. Nita L. Stormes
United States Magistrate Judge

3:17-cv-2442-WQH-NLS